IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-202-R |
| ) | |
| BRAD HENRY, GOVERNOR OF THE ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

The Plaintiff contends that when he was convicted, inmates were considered for parole every year. Yearly consideration stopped and Mr. Jones sued under 42 U.S.C. § 1983, claiming a constitutional violation in the change. The Plaintiff seeks summary judgment, and the Defendants move for dismissal based in part on expiration of the limitations period. The Court should grant the Defendants' motion to dismiss[1] and deny the Plaintiff's summary judgment motion on grounds of mootness.

## Background

The Plaintiff was convicted in 1974 of a violent crime. *See* Complaint 28 U.S.C. §§ 2201 & 2202 at p. 2 (Feb. 24, 2006) ("Complaint"). In 1998, the Oklahoma legislature amended its statutes, authorizing the parole board to defer parole consideration for three years for any person who had been convicted of a violent crime and who had been denied

---

[1] In the alternative, the Defendants move for summary judgment. The Court need not address the Defendants' alternative request for summary judgment in light of the necessity of dismissal.

parole. *See* Okla. Stat. tit. 57 § 332.7(D) (Supp. 1998). In 1999, authorities denied parole for Mr. Jones and deferred his next parole hearing until August 2002. *See* Complaint at p. 3. Since then, the Plaintiff has twice been denied parole. Both times, the parole board set his next hearing three years away. *See id.*

### Standard for Dismissal Based on Failure to State a Valid Claim

Dismissal for failure to state a valid claim is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Jones' must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

### Expiration of the Limitations Period on the Section 1983 Claim

For the Section 1983 claim, a two-year limitations period existed. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (concluding that in Oklahoma, the limitations period for Section 1983 actions is two years). The cause of action accrued in 1999 when the parole board first deferred Mr. Jones' parole consideration date for three years. As a result, the Plaintiff's initiation of the present action in February 2006 was untimely as a matter of law.

This Court addressed the issue in *Traylor v. Jenks*, 2007 WL 926899 (10th Cir. Mar. 29, 2007) (unpublished op.). There an inmate challenged the same law on *ex post facto*

grounds. *See Traylor v. Jenks*, Case No. CIV-05-1167-R, slip op. at 2, 11 (W.D. Okla. Aug. 30, 2006) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Sept. 21, 2006) (unpublished order by district judge), *affirmed on appeal*, 2007 WL 926899 (10th Cir. Mar. 29, 2007) (unpublished op.). The magistrate judge concluded that the applicable statute of limitations was two years and that it had accrued upon the first deferral of the parole consideration. *See id.* at pp. 5-6. The presiding district judge in the present action adopted the magistrate judge's proposed findings and dismissed the suit based on expiration of the applicable limitations period. *See Traylor v. Jenks*, Case No. CIV-05-1167-R, slip op. at 1-2 (W.D. Okla. Sept. 21, 2006) (unpublished order by Russell, J.).[2]

The Tenth Circuit Court of Appeals affirmed. *Traylor v. Jenks*, 2007 WL 926899 (10th Cir. Mar. 29, 2007) (unpublished op.). There the appeals court agreed that the inmate had become aware of the factual predicate for his claim upon the first deferral of his parole consideration date. *Id.*, Westlaw op. at 2 (agreeing "in all respects with the well-reasoned report and recommendation of the magistrate judge").

---

[2]   The district judge also addressed the issue in *Ford v. Jenks*, Case No. CIV-06-394-R (W.D. Okla.). Like Mr. Jones, the plaintiff in *Ford v. Jenks* claimed that elimination of annual parole reviews in 1998 constituted an *ex post facto* violation. *See Ford v. Jenks*, Case No. CIV-06-394-R, slip op. at 4 (W.D. Okla. Feb. 21, 2007) (unpublished order by Russell, J.). The magistrate judge proposed summary judgment for the defendants, reasoning in part that the claim was barred by the two-year limitations period because the plaintiff should have known the facts underlying the claim one year from his last parole hearing. *Ford v. Jenks*, Case No. CIV-06-394-R, slip op. at 9-10 (W.D. Okla. Dec. 22, 2006) (unpublished report and recommendation by magistrate judge). Judge Russell adopted the magistrate judge's conclusion, and the Plaintiff's appeal is pending. *Ford v. Jenks*, Case No. CIV-06-394-R, slip op. at 4 (W.D. Okla. Feb. 21, 2007) (unpublished order by Russell, J.); *see* Notice of Intent to Appeal, *Ford v. Jenks*, Case No. CIV-06-394-R (W.D. Okla. Mar. 5, 2007).

*Traylor v. Jenks* is persuasive in light of the similarity of facts and the strength of the district court's reasoning, embraced by the circuit court. *See* Tenth Cir. R. 32.1 (A). Like the plaintiff in *Traylor*, Mr. Jones seeks relief under Section 1983 based on characterization of the statutory deferral of parole consideration as an *ex post facto* violation. Under *Traylor*, Mr. Jones should have been aware of the factual predicate for his claim upon the first deferral of his parole consideration date. Thus, the Section 1983 claim is time-barred as a matter of law.

Mr. Jones disagrees, arguing:

- The limitations period is five years, and

- the Supreme Court changed the applicable law within two years of the suit.

These arguments are invalid.

In part, the Plaintiff argues that the applicable statute of limitations should be five years based on Okla. Stat. tit. 12 § 95(A)(12). Plaintiff's Objection and Response to Defendants Motion to Dismiss; Motion for Summary Judgment and Brief in Support; and Plaintiff's Motion for Summary Judgment at pp. 7-11 (Apr. 19, 2007) ("Plaintiff's Response"). That clause provides a five year limitations period for all actions "not hereinbefore provided for [in this statute]." Okla. Stat. tit. 12 § 95(A)(12) (2001). This argument is invalid for two reasons.

First, as noted above, the Tenth Circuit Court of Appeals has held that for Section 1983 actions arising in Oklahoma, the limitations period is two years rather than five years. *See supra* p. 2.  This decision is not only binding,[3] but also correct.

In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Supreme Court considered two state limitations periods to determine the one applicable in a Section 1983 action.  One period governed "actions 'for an injury to the person or reputation of any person.'"  *Wilson v. Garcia*, 471 U.S. at 264 (footnote omitted).  The other provision was a catch-all, governing "'all other actions not herein otherwise provided for.'" *Id.* (footnote omitted).  The Supreme Court held that the governing limitations period was the former, which applied to personal injury actions, rather than the catch-all provision. *Id.* at 278-80.

The choice here is between two Oklahoma provisions.  In one, Oklahoma provides a two-year period for "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated . . . ."  Okla. Stat. tit. 12 § 95(A)(3) (2001).  The second provision is a catch-all, providing five years for "[a]n action for relief, not hereinbefore provided for . . . ."  Okla. Stat. tit. 12 § 95(A)(12) (2001).  The choice is virtually identical the one presented in *Wilson v. Garcia*.  Thus, in choosing between the two provisions in

---

[3]   *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits." (citations omitted)).

Oklahoma, the Tenth Circuit Court of Appeals has followed *Wilson v. Garcia* by applying the two-year limitations period in Section 1983 actions. *See supra* p. 2.[4]

The Plaintiff's second argument is that his claim did not accrue until 2005, when the United States Supreme Court recognized a cause of action under Section 1983 for challenges to parole procedures. Plaintiff's Response at pp. 6-7 (citing *Wilkinson v. Dotson*, 544 U.S. 74 (2005)). This theory is misguided because the Plaintiff's right to sue existed before issuance of the decision in *Wilkinson v. Dotson*.

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the plaintiffs successfully established a right to challenge parole procedures in a Section 1983 action. *See Wilkinson v. Dotson*, 544 U.S. at 76.[5] Had Mr. Jones attempted such an action in the two years following his parole hearing deferral, he too might have been successful.[6] The Plaintiff cannot avoid the statute

---

[4]    Even if the longer limitations period were applicable, Mr. Jones sued in 2006, approximately seven years after the accrual date. Thus, the action would be time-barred even if the limitations period were five years.

[5]    In doing so, the Supreme Court rejected the district courts' view that such relief could only be pursued through habeas proceedings. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Before the Supreme Court's decision in *Wilkinson v. Dotson*, however, the present claim would have been barred by the limitations period for habeas proceedings. The Tenth Circuit Court of Appeals addressed this issue approximately two years before the Supreme Court's decision in *Wilkinson v. Dotson*. *See Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003). There an Oklahoma prisoner sought habeas relief, claiming that deferral of parole consideration under Okla. Stat. tit. 57 § 332.7 constituted an *ex post facto* violation. *See id.* at 1135. The Tenth Circuit Court of Appeals held that in the absence of tolling, the one-year limitations period would begin when the petitioner learned of the initial change in his parole reconsideration date. *Id.* at 1138.

[6]    The Supreme Court explained:

> The only sure way to determine whether a suit can be maintained to a successful result is to try it. The application of the statute of limitations cannot be made to depend upon the constantly shifting state of the law, and a suitor cannot toll or

of limitations by waiting for others to sue. *See Lesley v. David*, 186 Fed. Appx. 926, 928-29 n.1 (11th Cir. June 28, 2006) (unpublished op.) (*per curiam*) (holding in a Section 1983 action that issuance of *Wilkinson v. Dotson* did not affect the running of the limitations period).

### Mootness of the Plaintiff's Summary Judgment Motion

Mr. Jones' claim under Section 1983 should be dismissed with prejudice. Adoption of this report would moot the Plaintiff's motion for summary judgment.[7]

### Summary of Recommendations

The Court should grant the Defendants' motion to dismiss and deny the Plaintiff's summary judgment motion.

### Notice of Right to Object

Mr. Jones can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by June 11, 2007. *See* W.D. Okla. Local Civil Rule

---

suspend the running of the statutes by relying upon the uncertainties of controlling law. It is incumbent upon him to test his right and remedy in the available forums.

*Versluis v. Town*, 154 F.2d 935, 943 (10th Cir. 1946).

[7] *See Hutchinson v. Pfeil*, 211 F.3d 1278, 2000 WL 345688, Westlaw op. at 1 (10th Cir. Apr. 4, 2000) (unpublished op.) (affirming the district court's grant of summary judgment for the defendant and deeming the plaintiff's cross-motion for summary judgment moot); *Overton v. United States*, 2002 WL 741641, Westlaw op. at 2 (W.D. Okla. Mar. 19, 2002) (Leonard, J.) (unpublished op.) (denying the plaintiff's motion for summary judgment in light of the dismissal of his allegations for failure to state a valid claim), *aff'd*, 44 Fed. Appx. 932, 2002 WL 1938599 (10th Cir. Aug. 22, 2002) (unpublished op.).

72.1(a). The failure to timely object would foreclose appellate review of the suggested dismissal. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Docketing Instructions

The referral to the undersigned is terminated.

Entered this 17th day of May, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge