**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BEN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV-06-202-R |
| | ) | |
| **THE HONORABLE BRAD HENRY,** | ) | |
| **GOVERNOR OF THE STATE OF** | ) | |
| **OKLAHOMA; and EXECUTIVE** | ) | |
| **DIRECTOR TERRY JENKS,** | ) | |
| **OKLAHOMA PARDON AND** | ) | |
| **PAROLE BOARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* filed this action pursuant to 42 U.S.C. § 1983, asserting that the 1998 amendments to the Oklahoma parole procedures violated the Ex Post Facto Clause. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Robert Bacharach for preliminary review. On May 17, 2007, Judge Bacharach issued a Report and Recommendation, wherein he recommended that the Defendant's motion to dismiss be granted and that Plaintiff's motion for summary judgment be denied as moot. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation.

Plaintiff challenges the application of the 1998 amendments to the Oklahoma parole statutes, which authorized the parole board to defer parole consideration for three years for any inmate convicted of a violent crime who had been denied parole. Okla. Stat. tit. 57 §

332.7(D). When Plaintiff was denied parole in 1999, his next hearing was scheduled for three years later. This same scenario has been repeated twice since 1999.

Judge Bacharach concluded that Plaintiff's claims were barred by the statute of limitations, because his claim accrued in 1999 and is subject to the two year statute of limitations period. The Court agrees. Plaintiff argues, however, that because the Supreme Court decided *Wilkinson v. Dotson*, 544 U.S. 74 (2005)(holding that habeas corpus petitions were not the exclusive remedy for prisoners seeking declaratory or injunctive relief for parole eligibility decisions),in 2005, that he is entitled to tolling of the statute of limitations period, which renders his complaint timely.

Addressing this issue Judge Bacharach noted the Tenth Circuit's prior holding:[1]

> The only sure way to determine whether a suit can be maintained to a successful result is to try it. The application of the statute of limitations cannot be made to depend upon the constantly shifting state of the law, and a suitor cannot toll or suspend the running of the statutes by relying upon the uncertainties of controlling law. It is incumbent upon him to test his right and remedy in the available forums.

*Versluis v. Town*, 154 F.2d 935, 943 (10th Cir. 1946). Plaintiff argues for equitable tolling, however, these are not the circumstances in which equitable tolling is appropriate. In cases under 42 U.S.C. § 1983, equitable tolling is determined by state law. *Roberts v. Barreras*, 484 F.3d 1236 10th Cir. 2007).

Plaintiff has presented no basis for equitable tolling. Plaintiff was not restrained by law from seeking relief under 42 U.S.C. § 1983, and indeed if he had presented his claims

---

[1] Judge Bacharach erroneously attributed the holding to the Supreme Court.

in 1999 when he first discovered that he would not have a parole hearing for three years, perhaps he would have been successful. *See Don Huddleston Const. Co. v. United Bank and Trust Co. of Norman*, 933 P.2d 944, 947 n. 3 (Okla.Civ.App. 1996).

Furthermore, with regard to Plaintiff's assertion that the applicable statute of limitations is five years, the Court must reject this argument for the reasons noted in the Report and Recommendation. *United States v. Spedalieri*, 910 F.2d 707, 709 n. 2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit.").

For the reasons set forth herein, the Defendants' motion to dismiss is GRANTED and the Report and Recommendation is ADOPTED. Plaintiff's motion for summary judgment is DENIED AS MOOT.

IT IS SO ORDERED this 5th day of June 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE